UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: RESTRAINTS OF ASSETS ) | |
| ) | |
| IN ACCOUNT NUMBER 30037154306 AT ) | |
| THE INTERNATIONAL BANK OF MIAMI, ) | Misc. No: |
| MIAMI, FLORIDA, IN THE NAMES OF ) | |
| DOUGLAS ARTHUR BROWN AND/OR ) | |
| JOAN HASWELL BROWN; ) | |
| ) | |
| IN ACCOUNT NUMBER 30037154307 AT ) | |
| THE INTERNATIONAL BANK OF MIAMI, ) | |
| MIAMI, FLORIDA, IN THE NAMES OF ) | |
| DOUGLAS ARTHUR BROWN AND/OR ) | |
| JOAN HASWELL BROWN; ) | |
| ) | |
| IN ACCOUNT NUMBER 5300143363 AT ) | |
| THE INTERNATIONAL BANK OF MIAMI, ) | |
| MIAMI, FLORIDA, IN THE NAMES OF ) | |
| DOUGLAS ARTHUR BROWN AND/OR ) | |
| JOAN HASWELL BROWN; ) | |
| ) | |
| ANY AND ALL INTEREST IN ) | |
| REAL PROPERTY LOCATED AT ) | |
| 200 OCEAN LANE DRIVE, UNIT 907, ) | |
| KEY BISCAYNE, FLORIDA 33149, ) | |
| HELD BY DOUGLAS ARTHUR ) | |
| BROWN, JOAN HASWELL BROWN, ) | |
| AND/OR ANY ENTITIES IN WHICH THEY ) | |
| HAVE AN INTEREST; AND, ) | |
| ) | |
| 2006 JEEP GRAND CHEROKEE ) | |
| LAREDO VIN: 1J4GS48K16C260530. ) | |
| _____) | |

**EX-PARTE APPLICATION OF THE UNITED STATES FOR
RESTRAINING ORDER PURSUANT TO 28 U.S.C. § 2467(d)(3)(B) AND
STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

The United States of America, by and through its undersigned attorneys, respectfully

requests that this Court issue a Restraining Order pursuant to 28 U.S.C. § 2467(d)(3)(A),

(d)(3)(B)(ii) and 18 U.S.C. § 983(j) to enforce a foreign restraining order issued by the High Court

1

of Justice, Queen's Bench Division, Administrative Court (U.K. Court) in the United Kingdom (U.K.), on August 20, 2007, to freeze and restrain any property held by DOUGLAS ARTHUR BROWN (D. Brown) and/or JOAN HASWELL BROWN (J. Brown) in the United States.  U.S. law enforcement has identified assets in the U.S. in which the Browns have an interest, which include the captioned bank account at the International Bank of Miami, an interest in real property located in Key Biscayne, Florida, and a 2006 Jeep Grand Cherokee Laredo (VIN: 1J4GS48K16C260530).  The Browns are British nationals who are charged in the U.K. with theft, false accounting, and money laundering in violation of U.K. law.  On February 20, 2008, the U.K. made a formal request to enforce the August 20, 2007, restraining order under the Mutual Legal Assistance in Criminal Matters Treaty between the United States (U.S.) and United Kingdom (the "MLAT"), signed by the United States and U.K. on January 6, 1994, and ratified by the United States on December 2, 1996.  S. Treaty Doc. No. 104-2.  The instant Application seeks the restraint of the captioned assets located in the U.S. which have been identified for forfeiture by the U.K. authorities, and recognized as forfeitable by a U.K. court of competent jurisdiction.  In accordance with U.S. treaty obligations, this Application seeks the restraint of assets located in the U.S. in order to preserve their availability in anticipation of the receipt of a final judgment of forfeiture from the U.K. Court for enforcement pursuant to 28 U.S.C. § 2467(b).

I.   JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2467. Venue is proper with this Court pursuant to 28 U.S.C. § 2467(c)(2)(B) which provides in relevant part that "venue [for 2467 actions] shall lie in the district court for the District of Columbia . . . ."

## II.    APPLICATION

To preserve property in the United States that may be the subject of a future foreign forfeiture order, "the Government may apply for, and the Court may issue, a restraining order pursuant to section 983(j) of title 18 . . . " of the United States Code. 28 U.S.C. § 2467(d)(3)(A). To facilitate this process, the Court is empowered to "register and enforce a restraining order that has been issued by a court of competent jurisdiction in the foreign country and certified by the Attorney General pursuant to subsection (b)(2)." Pursuant to subsection (b)(2), "[t]he Attorney General or the designee of the Attorney General shall determine whether, in the interest of justice, to certify the request . . . ."[1] 28 U.S.C. § 2467(b)(2).

On August 20, 2007, the High Court of Justice, Queen's Bench Division, Administrative Court (U.K. Court) in the United Kingdom (U.K.), issued a restraining order against all assets held by D. Brown and J. Brown located in the United States.[2] A true and correct certified copy of the U.K. Restraint Order is attached hereto as Exhibit A. On December 20, 2007, the Assistant Attorney General for the United States certified that it was in the interest of justice for the United

---

[1]    The Attorney General delegated this certification authority under Section 2467 to the Assistant Attorney General for the Criminal Division pursuant to order number 2820-2006, *available at* http://www.usdoj.gov/ag/readingroom/ag2820-2006.pdf

[2]    The U.K. order calls for the restraint of two International Bank of Miami accounts and all property held by the Browns in the United States. Investigation by agents with Immigration and Customs Enforcement (ICE) has revealed that the Browns hold an additional account at the International Bank of Miami (Acct. No. 30037154307), a Jeep Grand Cherokee, and an interest in real property located in Key Biscayne, Florida. Thus, the MLAT request also covers a request for restraint of these properties discovered during the investigation.

States to certify the U.K. Restraint Order for enforcement in this Court. A true and correct copy of the Assistant Attorney General Certification is attached hereto as Exhibit B.

Since the requirements of 28 U.S.C. § 2467(d)(3)(B)(ii) have been met, the United States respectfully requests that this Court issue a Restraining Order against the assets identified in the U.K. Restraint Order and MLAT request, and that such Order remain in place until forfeiture proceedings in the U.K. have been concluded.

### III. STATEMENT OF POINTS AND AUTHORITIES

28 U.S.C. § 2467(d)(3)(A) grants this Court authority to "register and enforce a restraining order that has been issued by a court of competent jurisdiction in [a] foreign country and certified by the Attorney General pursuant to subsection (b)(2)," in order to preserve its availability for forfeiture. 28 U.S.C. § 2467(d)(3)(B)(ii). Pursuant to subsection (b)(2), it is for "[t]he Attorney General or the designee of the Attorney General" to determine "whether, in the interest of justice, to certify the request . . . ." 28 U.S.C. § 2467(b)(2). As demonstrated below, the United States has met this standard, and, therefore this Court should issue the requested restraining order against the assets of D. Brown and J. Brown pursuant to 28 U.S.C. § 2467(d)(3)(B)(ii).

#### A. FACTUAL BACKGROUND

This request arises from a U.K. investigation of D. Brown into theft, false accounting, and money laundering operations carried out by D. Brown and further aided by his wife, J, Brown. From 1994 to April 2007, D. Brown was CEO and Managing Director of Palmer Ltd, the U.K. subsidiary of a Pennsylvania company. After D. Brown retired from the company, the new CEO discovered that regular unauthorized payments had been made to D. Brown over an 11 year period, totaling £2,196,172.13 (approximately $4,329,028 in U.S. Dollars as of June 9, 2008).

Through his position as Managing Director and CEO, D. Brown wrote and signed numerous

Palmer company checks to himself. He accounted for the checks by creating false invoices to cover the expenditures.

According to the U.K. authorities, a portion of the embezzled funds were transmitted to D. Brown and J. Brown's personal bank accounts in the United States. Additionally, U.K. authorities have indicated, through the MLAT, that the proceeds were spent by the Browns on real and tangible property located in the United States.

The U.K. Restraining Order (Ex. A), transmitted pursuant to the MLAT Request, restrained all assets in the United States in which the Browns may have an interest. U.S. and U.K. authorities have identified the following assets owned or controlled by Brown in the U.S.: three accounts at the International Bank of Miami in Miami, Florida; interest in real property located at 200 Ocean Lane Drive, Unit 907, Key Biscayne, Florida 33149; and a 2006 Jeep Grand Cherokee Laredo (VIN: 1J4GS48K16C260530). These identified assets are specifically included in the MLAT request.

    B.    ARGUMENT

    1.    This Court has Authority to Enforce Foreign Restraining Orders that Have Been Certified for Enforcement by the Assistant Attorney General

To ensure that U.S.- based property which may be subject to forfeiture in a foreign forfeiture proceeding is not dissipated or moved, § 2467 allows this Court to issue a restraining order against assets located in the United States pending the conclusion of a foreign forfeiture proceeding. For this Court to issue such a restraining order, four elements should be met which will permit the U.S. to seek the enforcement of a final order of forfeiture once one is obtained in the U.K.: (1) the United States and the foreign nation in which the order was issued must be parties to a formal international agreement providing for mutual forfeiture assistance; (2) the restraining order must have been issued by a court of competent jurisdiction in the foreign nation; (3) the property ordered restrained by the

foreign court must be alleged to be the proceeds of, or property involved in, a violation or offense that would give rise to forfeiture if committed in the United States; and (4) the Attorney General must have certified, in the interest of justice, the foreign order for enforcement in the United States. 28 U.S.C. § 2467(a)(1)-(2), and 2467(d)(3). The Attorney General's determination is nonreviewable. § 2467(b)(2).

2.      The Requirements For Recognizing a Foreign Restraining Order Have Been Met

All four elements for recognition and enforcement of the U.K. Restraint Order have been met in this matter. First, the U.K. has submitted its request pursuant to its MLAT with the U.S. Under Article 16 of the MLAT, the United States has an obligation to assist in the preservation of assets which are located in the U.S., and which are subject to forfeiture in the U.K. under its domestic law. Because the U.K. is a U.S. treaty partner, the first criterion for enforcement is met.

Second, the U.K. Court is authorized to order the restraint of property that will be subject to forfeiture in the criminal case pending in the U.K.. Thus, the U.K. Restraint Order was issued by a court of competent jurisdiction in the U.K., and, the second criterion for enforcement is met.

Third, the Property sought to be restrained represents the proceeds of, or property involved in, a violation or offense that would give rise to forfeiture if committed in the United States. The MLAT request and the foreign restraining order explain that the conduct under investigation by the U.K. into the activities of the Browns constitutes, *inter alia*, theft, false accounting, and money laundering violations under U.K. law. U.K. authorities have confirmed that such offenses will give rise to forfeiture, upon conviction, in the U.K.. Thus, the MLAT request and U.K. Restraint Order describe conduct that, had it occurred in the United States, would constitute violations of 18 U.S.C. §§ 1343 (wire fraud), 1956 (money laundering), and 2314 (interstate transportation of property stolen or taken by fraud). Proceeds of, and property involved in, these United States offenses are subject to

forfeiture in the United States pursuant to 18 U.S.C. § 981(a)(1)(A) and (C) as the proceeds of "specified unlawful activity." Accordingly, the third criterion is met since the conduct committed by the Browns would give rise to forfeiture in both countries.

Fourth, the U.K. Restraint Order was certified by the United States Assistant Attorney General on December 20, 2007. The Assistant Attorney General determined that enforcement of the attached Restraining Orders is in the interest of justice.

Thus, ample justification exists for enforcement of the attached Restraining Orders in the United States.

## IV. CONCLUSION

Therefore, the United States respectfully requests that this Court enforce the August 20, 2007 U.K. Restraint Order, consistent with United States' treaty obligations under the MLAT between the Governments of the United States and U.K., by entering the attached restraining order against the captioned assets pursuant to this Court's authority under 28 U.S.C. § 2467(d)(3)(B)(ii). The United States further asks that it be permitted to serve the Order by facsimile transmission to the affected financial institutions and that it be permitted to file a Lis Pendens in the appropriate public land records office in Florida, to provide notice of this proceeding against the Browns' interest in the captioned property located in Key Biscayne. The United States will promptly request, through the appropriate legal assistance channels, that those individuals and entities with an apparent interest in the captioned funds be provided with notice of, and a copy of, this Court's Order.

Dated this 8 day of July, 2008.

                              Respectfully submitted,
                              RICHARD WEBER
                              CHIEF, ASSET FORFEITURE AND MONEY
                                LAUNDERING SECTION

                                                                                 _____
LINDA M. SAMUEL  (DC Bar #388970)
Deputy Chief
JEAN B. WELD (VA Bar #19295)
Sr. Trial Attorney
Asset Forfeiture and Money
    Laundering Section
Criminal Division
United States Department of Justice
1400 New York Avenue, N.W., 10th Floor
Washington, D.C. 20530
Telephone:  (202) 514 1263

Attorneys for Applicant
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: RESTRAINTS OF ASSETS ) | |
| ) | |
| IN ACCOUNT NUMBER 30037154306 AT ) | |
| THE INTERNATIONAL BANK OF MIAMI, ) | Misc. No: |
| MIAMI, FLORIDA, IN THE NAMES OF ) | |
| DOUGLAS ARTHUR BROWN AND/OR ) | |
| JOAN HASWELL BROWN; ) | |
| ) | |
| IN ACCOUNT NUMBER 30037154307 AT ) | |
| THE INTERNATIONAL BANK OF MIAMI, ) | |
| MIAMI, FLORIDA, IN THE NAMES OF ) | |
| DOUGLAS ARTHUR BROWN AND/OR ) | |
| JOAN HASWELL BROWN; ) | |
| ) | |
| IN ACCOUNT NUMBER 5300143363 AT ) | |
| THE INTERNATIONAL BANK OF MIAMI, ) | |
| MIAMI, FLORIDA, IN THE NAMES OF ) | |
| DOUGLAS ARTHUR BROWN AND/OR ) | |
| JOAN HASWELL BROWN; ) | |
| ) | |
| ANY AND ALL INTEREST IN ) | |
| REAL PROPERTY LOCATED AT ) | |
| 200 OCEAN LANE DRIVE, UNIT 907, ) | |
| KEY BISCAYNE, FLORIDA 33149, ) | |
| HELD BY DOUGLAS ARTHUR ) | |
| BROWN, JOAN HASWELL BROWN, ) | |
| AND/OR ANY ENTITIES IN WHICH THEY ) | |
| HAVE AN INTEREST; AND, ) | |
| ) | |
| 2006 JEEP GRAND CHEROKEE ) | |
| LAREDO VIN: 1J4GS48K16C260530. ) | |
| _____) | |

## **RESTRAINING ORDER**

WHEREAS, this matter having come before this Court on the ex parte application of the

United States of America for a restraining order pursuant to 28 U.S.C. § 2467(d)(3)(B)(ii) which

provides courts with jurisdiction to enter restraining orders and take such other action in connection

with any property or other interest subject to forfeiture in a foreign proceeding to ensure its

availability for forfeiture; and

IT APPEARING TO THE COURT THAT:

1. This court has jurisdiction of the subject matter of this case, and pursuant to 28 U.S.C. § 2467(c)(2)(B), venue is appropriate in the United States District Court for the District of Columbia.

2. The Assistant Attorney General of the Criminal Division of the United States Department of Justice, being duly authorized, has certified that it is in the interest of justice to enforce a restraining order issued by the High Court of Justice, Queen's Bench Division, Administrative Court (the "United Kingdom Court") dated August 20, 2007, attached hereto, attaching bank accounts, and all other assets held by DOUGLAS ARTHUR BROWN ("D. BROWN") and/or JOAN HASWELL BROWN ("J. BROWN") in the United States, which have been identified to include another bank account, an interest in real property located in Key Biscayne, Florida, and a 2006 Jeep Grand Cherokee Laredo.

3. The order restrains all property held by D. BROWN and/or J. BROWN in the United States. Those assets have been identified to include three accounts at the International Bank of Miami, Miami, Florida (Acct. Nos. 30037154306, 30037154307, 5300143363); an interest in real property located at 200 Ocean Lane Drive, Unit 907, Key Biscayne, Florida 33149; and a 2006 Jeep Cherokee Laredo (VIN: 1J4GS48K16C260530).

4. The restraining order issued by the United Kingdom Court establishes that criminal proceedings are pending in the United Kingdom that will likely result in the entry of a forfeiture or confiscation judgment against D. BROWN and J. BROWN as the proceeds of or property involved in theft, false accounting, and money laundering.

5. The Governments of the United States and the United Kingdom are parties to a mutual legal assistance treaty that creates an international legal obligation to assist one another in

forfeiture matters.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, PURSUANT TO 28 U.S.C. § 2467(d)(3)(B)(ii) THAT:

1. The restraining order issued by the United Kingdom Court dated August 20, 2007, shall hereby be given effect.

2. The Property appearing in the caption of this Order is RESTRAINED.

3. All persons, including D. BROWN, J. BROWN, their agents, servants, employees, attorneys, family members, and those persons in active concert or participation with him and/or her, and anyone in possession of or holding any interest in the Property, be and are hereby ENJOINED AND RESTRAINED from selling, assigning, pledging, distributing, giving away, encumbering or otherwise participating in the disposal of (by transfer of stock or otherwise) or removal from the jurisdiction of this Court, any interest, direct or indirect, in the Property, without prior approval of the Court upon notice to the United States and an opportunity for the United States to be heard, except as specified in this Order and except that, in accordance with 28 U.S.C. § 2467(d)(3)(C), no person may object to this order on the grounds that it is the subject of parallel litigation involving the same Property pending in a foreign court.

4. The terms of this Order shall remain in full force and effect until the United Kingdom criminal case initiated against D. BROWN and J. BROWN is concluded and any forfeiture judgment obtained therein has been satisfied or until further order by this Court.

5. The United States, may serve a copy of the this Order on the affected financial institutions by facsimile, and pursuant to Rule 4(f) of the Federal Rules of Civil Procedure to the extent applicable, shall provide a copy of the Court's Order upon any identifiable persons holding any legal interest in the Property, including: D. BROWN and J. BROWN.

6. The affected financial institutions shall disclose to the United States the exact

amount on deposit or the approximate market value of any assets not held in currency on the date the assets are frozen by the financial institution, or at any time thereafter when requested to do so by the United States as long as this Order remains in place.

7. The affected financial institutions shall provide the United States a statement of account monthly as long as this Order remains in place.

8. A copy of this Order shall be recorded in the public land records office for Key Biscayne, Florida.

Dated this _____ day of July, 2008

_

_____
UNITED STATES DISTRICT JUDGE
United States District Court for the
District of Columbia