UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: RESTRAINTS OF ASSETS<br><br>IN ACCOUNT NUMBER 30037154306 AT<br>THE INTERNATIONAL BANK OF MIAMI,<br>MIAMI, FLORIDA, IN THE NAMES OF<br>DOUGLAS ARTHUR BROWN AND/OR<br>JOAN HASWELL BROWN;<br><br>IN ACCOUNT NUMBER 30037154307 AT<br>THE INTERNATIONAL BANK OF MIAMI,<br>MIAMI, FLORIDA, IN THE NAMES OF<br>DOUGLAS ARTHUR BROWN AND/OR<br>JOAN HASWELL BROWN;<br><br>IN ACCOUNT NUMBER 5300143363 AT<br>THE INTERNATIONAL BANK OF MIAMI,<br>MIAMI, FLORIDA, IN THE NAMES OF<br>DOUGLAS ARTHUR BROWN AND/OR<br>JOAN HASWELL BROWN;<br><br>ANY AND ALL INTEREST IN<br>REAL PROPERTY LOCATED AT<br>200 OCEAN LANE DRIVE, UNIT 907,<br>KEY BISCAYNE, FLORIDA 33149,<br>HELD BY DOUGLAS ARTHUR<br>BROWN, JOAN HASWELL BROWN,<br>AND/OR ANY ENTITIES IN WHICH THEY<br>HAVE AN INTEREST; AND,<br><br>2006 JEEP GRAND CHEROKEE<br>LAREDO VIN: 1J4GS48K16C260530. | Misc. No:<br><br>Case: 1:08-mc-00449<br>Assigned To : Leon, Richard<br>Assign. Date : 7/8/2008<br>Description: Miscellaneous |

## RESTRAINING ORDER

WHEREAS, this matter having come before this Court on the ex parte application of the United States of America for a restraining order pursuant to 28 U.S.C. § 2467(d)(3)(B)(ii) which provides courts with jurisdiction to enter restraining orders and take such other action in connection with any property or other interest subject to forfeiture in a foreign proceeding to

ensure its availability for forfeiture; and

IT APPEARING TO THE COURT THAT:

1.  This court has jurisdiction of the subject matter of this case, and pursuant to 28 U.S.C. § 2467(c)(2)(B), venue is appropriate in the United States District Court for the District of Columbia.

2.  The Assistant Attorney General of the Criminal Division of the United States Department of Justice, being duly authorized, has certified that it is in the interest of justice to enforce a restraining order issued by the High Court of Justice, Queen's Bench Division, Administrative Court (the "United Kingdom Court") dated August 20, 2007, attached hereto, attaching bank accounts, and all other assets held by DOUGLAS ARTHUR BROWN ("D. BROWN") and/or JOAN HASWELL BROWN ("J. BROWN") in the United States, which have been identified to include another bank account, an interest in real property located in Key Biscayne, Florida, and a 2006 Jeep Grand Cherokee Laredo.

3.  The order restrains all property held by D. BROWN and/or J. BROWN in the United States. Those assets have been identified to include three accounts at the International Bank of Miami, Miami, Florida (Acct. Nos. 30037154306, 30037154307, 5300143363); an interest in real property located at 200 Ocean Lane Drive, Unit 907, Key Biscayne, Florida 33149; and a 2006 Jeep Cherokee Laredo (VIN: 1J4GS48K16C260530).

4.  The restraining order issued by the United Kingdom Court establishes that criminal proceedings are pending in the United Kingdom that will likely result in the entry of a forfeiture or confiscation judgment against D. BROWN and J. BROWN as the proceeds of or property involved in theft, false accounting, and money laundering.

5. The Governments of the United States and the United Kingdom are parties to a mutual legal assistance treaty that creates an international legal obligation to assist one another in forfeiture matters.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, PURSUANT TO 28 U.S.C. § 2467(d)(3)(B)(ii) THAT:

1. The restraining order issued by the United Kingdom Court dated August 20, 2007, shall hereby be given effect.

2. The Property appearing in the caption of this Order is RESTRAINED.

3. All persons, including D. BROWN, J. BROWN, their agents, servants, employees, attorneys, family members, and those persons in active concert or participation with him and/or her, and anyone in possession of or holding any interest in the Property, be and are hereby ENJOINED AND RESTRAINED from selling, assigning, pledging, distributing, giving away, encumbering or otherwise participating in the disposal of (by transfer of stock or otherwise) or removal from the jurisdiction of this Court, any interest, direct or indirect, in the Property, without prior approval of the Court upon notice to the United States and an opportunity for the United States to be heard, except as specified in this Order and except that, in accordance with 28 U.S.C. § 2467(d)(3)(C), no person may object to this order on the grounds that it is the subject of parallel litigation involving the same Property pending in a foreign court.

4. The terms of this Order shall remain in full force and effect until the United Kingdom criminal case initiated against D. BROWN and J. BROWN is concluded and any forfeiture judgment obtained therein has been satisfied or until further order by this Court.

5. The United States, may serve a copy of the this Order on the affected financial institutions by facsimile, and pursuant to Rule 4(f) of the Federal Rules of Civil Procedure to the

extent applicable, shall provide a copy of the Court's Order upon any identifiable persons holding any legal interest in the Property, including: D. BROWN and J. BROWN.

6. The affected financial institutions shall disclose to the United States the exact amount on deposit or the approximate market value of any assets not held in currency on the date the assets are frozen by the financial institution, or at any time thereafter when requested to do so by the United States as long as this Order remains in place.

7. The affected financial institutions shall provide the United States a statement of account monthly as long as this Order remains in place.

8. A copy of this Order shall be recorded in the public land records office for Key Biscayne, Florida.

Dated this _11th_ day of July, 2008

_____
UNITED STATES DISTRICT JUDGE
United States District Court for the
District of Columbia

SP

DISOBEDIENCE TO THIS ORDER IS A CONTEMPT OF COURT WHICH IF YOU ARE AN INDIVIDUAL IS PUNISHABLE BY IMPRISONMENT OR IF YOU ARE A BODY CORPORATE IS PUNISHABLE BY SEQUESTRATION OF YOUR ASSETS AND BY IMPRISONMENT OF ANY INDIVIDUAL RESPONSIBLE

IN THE HIGH COURT OF JUSTICE
QUEEN'S BENCH DIVISION
ADMINISTRATIVE COURT

Before the Honourable Mr Justice



sitting in Private

CJA No.           2007

Dated             2007

IN THE MATTER OF DOUGLAS ARTHUR BROWN
(Defendant)

AND

*By the Court*

IN THE MATTER OF THE CRIMINAL JUSTICE ACT 1988

---

**RESTRAINT ORDER PROHIBITING DISPOSAL OF ASSETS**

---

TO:      The Defendant

AND TO:  Mrs Joan Haswell BROWN

I certify that this is a true copy of the order made by Mr Justice Simon Brown on 20th August 2007.

C. [signature] C. METHERELL
Solicitor.
25/1/08.

1

**PENAL NOTICE**

If you the Defendant or Mrs J Brown this Order you may be held to be in contempt of court and may be imprisoned, fined or have your assets seized.

Any other person who knows of this order and does anything which helps or permits the Defendant, or Mrs J Brown, to breach the terms of this Order may also be held to be in contempt of court and may be imprisoned, fined or have their assets seized.

The order is subject to the exceptions contained in the order. You should read it all carefully.

You have a right to ask this court to vary or discharge this order, see paragraph 9 below. If you wish to do this you must serve on the Crown Prosecution Service and all other affected parties a copy of the application and any witness statement in support at least 2 clear days before the date fixed for the hearing.

There is an interpretation section at page 6 of this order.

**THIS ORDER**

1.  This is a Restraint Order made against Douglas Arthur Brown ("the Defendant") on                    2007 by Mr/s Justice                    on the application of the Crown Prosecution Service ("the Prosecutor"). The Judge read the witness statement of Ian Charlesworth signed on 26 July 2007 listed in Schedule A and accepted the undertakings set out in Schedule B at the end of this order.

2.  This order was made without notice to the Defendant. The Defendant has a right to apply to the court to vary or discharge the order – see paragraph 9 below.

**DISPOSAL OF OR DEALING WITH ASSETS**

3.  The Defendant must not until further order of the court:

    (a)  remove from England and Wales any of his assets which are in England and Wales; or

    (b)  in any way dispose of or deal with or diminish the value of any of his assets whether they are in or outside England or Wales.

4.  Paragraph 3 applies to all the Defendant's assets whether or not they are in his own name and whether they are solely or jointly owned. For the purpose of this order the Defendant's assets include any asset which he has the power, directly or indirectly, to dispose of or deal with as if it were his own. The Defendant is to be regarded as having such power if a third party holds or controls the asset in accordance with his direct or indirect instructions.

2

5. This prohibition includes the following assets in particular-

   (a) The property located at 24, North Lodge, Chester le Street, DH3 4AZ, title number DU188534 registered in the name of Douglas Arthur Brown and Joan Brown;

   (b) Property held in the Unites States of America, full details not yet known.

   (c) The account with American Express in the name of Douglas Arthur Brown, account number 3742 8826 4516 005.

   (d) The account with Barclays Bank, in the name of Douglas Arthur Brown, account number 10906433, sort code 20-82-18.

   (e) The credit card account with HFC, in the name of Douglas Arthur Brown, account number 4922 0700 3115 6748.

   (f) The accounts held with Lloyds TSB Group PLC;
   
   i. Mr D A BROWN and Mrs J BROWN, account number 00068869 Sort 30-98-34.
   ii. Mr D and Mrs J BROWN, account number 30000038071004 P
   iii. Douglas Arthur BROWN and Mrs Joan BROWN, account number 03121973, sort code 30-98-34.
   iv. The Elvet Flower Shop, account number 00920670, sort code 30-98-34.
   v. Mrs J BROWN, account number 00617137, sort code 30-98-34.
   vi. Mr D BROWN, account number 00068869, sort code 30-98-34.
   vii. BROWN D A and Mrs J, account number 01706664, sort code 30-98-34.
   viii. Mr D A BROWN and Mrs J BROWN, account number 07239634, sort code 30-98-34.
   ix. Mr D BROWN, account number 5521 5701 8410 0205.
   x. Lloyds TSB Isa account 4810155;
   xi. Lloyds TSB endowment plan, account number E42712H;

      xii. Lloyds TSB Level Mortgage Plan, account number P95788B;
      xiii. Lloyds TSB Home Cover plan, account number N17349Q;
      xiv. Mr Douglas A BROWN, account number 02/19/21523952, Black Horse Ltd.

(g) The pension fund in the name of Mr D A BROWN, portfolio number 822-111-092, held with Integrated Financial Arrangements Plc.

(h) The account with Barclays Bank, Mr DA BROWN, account number 4929 4020 5728 3002.

(i) The accounts held with the International Bank of Miami;
    1. Douglas A BROWN and Joan BROWN, account number 30037154306.
    2. Douglas A BROWN and Joan BROWN, loan account, account number 5300143363.

(j) The account at The Abbey, in the name of Mrs Joan BROWN, with the date of birth 07.09.1950.

(k) The following motor vehicles;
    i. BMW 735i, registration B7 DAB.
    ii. BMW X3, registration J8 ELV.
    iii. Mini Cooper S, registration RJ04 MMU.
    iv. Mercedes Vito van, registration J7 ELV.

(l) The following, private registration plates as follows;
    i. B7 DAB.
    ii. J7 ELV.
    iii. J8 ELV.

(m) Items listed in Annex A

(n) Items listed in Annex B

4

6. Mrs J Brown must not in any way dispose of or deal with or diminish the value of the asset referred to in paragraphs 5(a), (b), (f)(i)-(v), (vii), (viii), (i), (j), (k)(ii) and (iv), (m) and (n).

**EXCEPTIONS TO THIS ORDER**

7. (1) This order does not prohibit the Defendant from spending up to £250 a week towards his ordinary living expenses (which sum to include any means tested benefit claimed in sub-paragraph (2) below), up to the date of the making of any confiscation order, on the proviso he is not in prison. But before spending any money the Defendant must tell the Prosecutor where the money is to come from.

(2) This order does not prohibit the Defendant from spending up to £1000 on legal advice and representation in connection with this order. But before spending any money the Defendant must tell the Prosecutor where the money is to come from.

(3) This order does not prohibit the Defendant from spending any money he may receive by way of state benefit from the Department of Social Security.

(4) This order does not prohibit the Defendant from spending towards his ordinary living expenses any sum earned by him whilst he is in prison.

(5) The Defendant may agree with the Prosecutor that the above spending limits are varied or that this Order be varied in any other respect in relation to them, but any such agreement must be in writing.

(6) This order does not prevent: -

(a) any person from paying any money in satisfaction of the whole or part of any confiscation order which may be made against the Defendant; or

(b) the levy of distress upon any goods subject to this order for the purpose of enforcement of any confiscation order which may be made against the Defendant.

**COSTS**

8. The costs of this order are reserved.

**VARIATION OR DISCHARGE**

9. Anyone affected by this order may apply to the court at any time to vary or discharge this order (or so much of it as affects that person), but they must first inform the Prosecutor and the Defendant giving two clear days' notice. If

5

any evidence is to be relied upon in support of the application, the substance of it must be communicated in writing to the Prosecutor in advance.

**INTERPRETATION OF THIS ORDER**

10. (1) A person who is an individual who is ordered not to do something must not do it himself or in any other way. He must not do it through others acting on his behalf or on his instructions or with his encouragement.

    (2) A person which is not an individual that is ordered not to do something must not do it itself or by its directors, officers, partners, employees or agents or in any other way.

    (3) Reference to the "Defendant" means Douglas Arthur Brown. Reference to an asset belonging to the Defendant includes any property in which the Defendant has an interest and any property to which the Defendant has a right.

**PARTIES OTHER THAN THE DEFENDANT**

**Effect of this order**

11. It is a contempt of court for any person notified of this order knowingly to assist in or permit a breach of the order. Any person doing so may be imprisoned, fined, or have their assets seized. He is also at risk of prosecution for a money laundering offence.

**Set off by banks**

12. This order does not prevent any bank from exercising any right of set off it may have in respect of any facility which it gave to the Defendant before it was notified of this order.

**Withdrawals by the Defendant**

13. No bank need enquire as to the application or proposed application of any money withdrawn by the Defendant if the withdrawal appears to be permitted by this order.

**Cash in the custody of the Police**

14. The POLICE may pay the quantities of cash in their custody into an interest bearing account until further order unless required as an exhibit in criminal proceedings against the Defendant.

**Existing Charges**

15. This order does not prevent any financial institution from enforcing or taking any other steps to enforce an existing charge it has in respect of a property or properties so secured.

**Persons outside England, Wales and Scotland**

16. (1) Except as provided in paragraph (2) below, the terms of this order do not affect or concern anyone outside the jurisdiction of this court or Scotland.

    (2) The terms of this order will affect the following persons in a country or state outside the jurisdiction of this court or Scotland-

    (a) a person to whom this order is addressed or the officer or agent appointed by power of attorney of such a person;

    (b) any person who:

    i. is subject to the jurisdiction of this court or Scotland;
    ii. has been given written notice of this order at his residence or place of business within the jurisdiction of this court or Scotland; and
    iii. is able to prevent acts or omissions outside the jurisdiction of this court or Scotland which constitute or assist in a breach of the terms of this order; and

    (c) any other person, only to the extent that this order is declared enforceable by or is enforced by a court in that country or state.

**Enforcement in Scotland**

17. This order shall have effect in the law of Scotland, and may be enforced there if it is registered under section 35 of the proceeds of Crimes (Scotland) Act 1995.

**Assets Located outside England and Wales**

18. Nothing in this order shall, in respect of assets located outside England and Wales prevent a third party from complying with-

    (1) what it reasonably believes to be its obligations, contractual or otherwise, under the laws and obligations of the country or state in which those assets are situated or under the proper law of any contract between itself and the Respondent; and

    (2) any orders of the courts of that country or state provided that reasonable notice of any application for such an order is given to the Applicant's solicitors;

7

unless those assets are situated in Scotland and this order has been registered there, in which case this order must be obeyed there.

**COMMUNICATIONS WITH THE COURT**

All communications to the court about this order should be sent to-

*The Administrative Court Office, Royal Courts Of Justice, Strand, London, WC2A 2LL quoting the case number. The office is open between 10 a.m. and 4.30 p.m. Monday to Friday. The telephone number is 0207 947 6653.*

**DATED this          day of          2007.**

COURT STAMP